## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN H. PAGE,

     *Plaintiff*,

  v.

DONALD J. TRUMP, et al.,

     *Defendants*.

Civil Action No. 25-18 (TJK)

## MEMORANDUM

John H. Page filed this action seeking to prevent Donald J. Trump's impending inauguration as president. As he has in prior litigation, Page alleges that President Trump is disqualified from holding federal office because he engaged in an insurrection against the United States. ECF No. 1 ¶¶ 2–3; *Page v. Evans*, No. 24-cv-670 (TJK), 2024 WL 3534752, at *1 (D.D.C. July 25, 2024), *aff'd*, No. 24-7113, 2024 WL 4633250 (D.C. Cir. Oct. 29, 2024). While Page's prior lawsuit sought to prevent President Trump from appearing on presidential ballots in the District of Columbia, *Page*, 2024 WL 3534752, at *1, he now asks the Court to issue an order preventing anyone—but in particular Chief Justice John G. Roberts, Jr., and Senator Amy Klobuchar (the alleged chairwoman of the Joint Congressional Committee on Inaugural Ceremonies)—from furthering President Trump's inauguration or from swearing him in as president. ECF No. 1 ¶ 25. According to Page, allowing President Trump's inauguration and swearing-in to proceed would violate several criminal statutes. *Id.* ¶ 22.

The Court will sua sponte dismiss this case for the same reason it dismissed Page's previous lawsuit: he lacks standing. *See Page*, 2024 WL 3534752, at *1; *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) ("[A] district court may dismiss a complaint sua

sponte prior to service on the defendants pursuant to Fed. R. Civ. P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction."). To begin, ordinary citizens generally lack standing to sue to compel the enforcement of criminal laws. *See Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021). And although Page now seeks a different remedy than before, his asserted injury—that he will be harmed by "an unlawful presidential inauguration," ECF No. 1 ¶ 4—is essentially the same as the one he previously alleged—that he would "be injured by the presence of a disqualified . . . insurrectionist holding the highest office in the United States Government," *Page*, 2024 WL 3534752, at *2 (quotation and internal quotation marks omitted). The Court has already held that such an injury is neither concrete nor particularized as required by Article III's standing requirement. *Id.* at *2–*3; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). On the contrary, "[e]very citizen and voter could claim to have suffered the same injury as [Plaintiff]." *Stencil v. Johnson*, 605 F. Supp. 3d 1109, 1117 (E.D. Wis. 2022). Such injuries are insufficient to establish standing. *Page*, 2024 WL 3534752, at *2–*3.[1]

Thus, for the reasons discussed more fully in *Page*, 2024 WL 3534752, the Court will dismiss the case for lack of subject-matter jurisdiction. A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: January 15, 2025

---

[1] Page also gestures toward the Court's mandamus authority, but a cause of action does not supply him with Article III standing. *See, e.g.*, *Lujan*, 504 U.S. at 572–74.